IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | :<br>:<br>: |
| Plaintiff, | :<br>: |
| v. | : Civil Action No.<br>: 1:24-CV-01275-MHC-JKL |
| IRON HILL BREWERY OF BUCKHEAD, LLC, | :<br>:<br>: |
| and | :<br>: |
| IRON HILL BREWERY, LLC, | :<br>: |
| Defendants. | :<br>: |

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Title VII of the Civil Rights Act ("Title VII") of 1964 and Title I of the Civil Rights Act of 1991. The Commission's Complaint alleged that Defendants Iron Hill Brewery of Buckhead, LLC ("Iron Hill Brewery Buckhead") and Iron Hill Brewery, LLC (collectively, "Defendants" or "Iron Hill") discriminated and retaliated against Charging Party, Jerrell McGirt ("McGirt"), when they terminated his employment because of his race and in retaliation for engaging in protected activity.

The Commission and Iron Hill (collectively, the "Parties") hereby stipulate to jurisdiction of the Court over the Parties and agree that the subject matter of this action is properly before this Court. The Parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the Parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; (3) no party shall contest the jurisdiction of this Court to enforce this Consent Decree and its terms or the right of the Commission to bring an enforcement suit upon alleged breach of any term(s) of this Consent Decree; (4) the terms of this Consent Decree are and shall be binding upon the present and future representatives, directors, officers, successors, and assigns of Defendants; and (5) this Consent Decree resolves all matters in controversy between and among the parties as provided in paragraphs 1 through 19, below.

It is therefore **ORDERED, ADJUDGED,** and **DECREED** as follows:

1. **Nondiscrimination.** Defendants shall not engage in employment practices which discriminate against any person because of their race, national

origin, or sex, including by applying Defendants' employment policies in a discriminatory manner.

2. **No Retaliation.** Defendants shall not retaliate against any person because of their opposition to any practice made unlawful under Title VII or any other statute or regulation enforced by the EEOC, because of their assistance to another individual in securing or enjoying any right or privilege under a statute or regulation enforced by the EEOC, because of their own use or enjoyment of any right or privilege under any statute or regulation enforced by the EEOC, because of the filing of a Charge of Discrimination, or because of the giving of testimony or assistance or other participation in any investigation, proceeding, or hearing under any statute or regulation enforced by the EEOC.

3. **Payment.** Defendants shall pay McGirt a total settlement amount of $115,000 (USD) in settlement of the claims raised in this action. Defendants shall make payment by issuing one or more checks payable to McGirt. Full payment shall be made within thirty (30) days after the Court approves this Consent Decree. Defendants' payment to McGirt shall be sent via secure overnight delivery at an address to be provided in writing by the Commission to Defendants. Defendants shall send to the Commission a copy of the checks and the tracking number of each envelope containing the settlement checks to McGirt.

No party to this Consent Decree shall make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that McGirt may incur on such payment under local, state and/or federal law.

4. **Settlement Reporting**. The Commission may be required to report the fact of this settlement to the Internal Revenue Service ("IRS") under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If required to do so, the Commission will provide the employer(s) with a copy of the 1098-F form that it will provide to the IRS.

    A. Within ten (10) business days of the signing of this Decree, Defendants agrees to provide the Commission (1) the Employer's EIN(s) and (2) the individual and physical address(es) to whom the Commission should mail the copy of the Form 1098-F, if the Commission is required to issue one. Any identified individual must be an employee of Defendants.

    B. The Commission has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

    C. The provision of the Form 1098-F by the Commission does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

    D. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the Commission.

  E. The Parties are not acting in reliance on any representation made by the Commission regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code

5. **Nonpayment of Settlement Funds.** If McGirt does not receive the payment described in paragraph 3, above, by the due date set forth therein due to a failure on the part of Defendants to properly transmit the same, Defendants shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C. § 6621(b) until the same is paid, and bear any traditional costs caused by non-compliance or delay, including but not limited to, any and all costs arising out of efforts to enforce this Consent Decree in federal court.

6. **Elimination of Personnel Records.** Within ten (10) business days of the entry of this Consent Decree by the Court, Defendants shall eliminate from the employment records and personnel file of McGirt any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 410-2021-05542, to include his Performance Feedback Form dated July 6, 2021, documentation of termination, any and all documents related to his discipline or termination, and the related events, including the filing of his EEOC Charge and this litigation. Within ten (10) business days of the entry of this Consent Decree by the Court, Defendants shall report compliance with this provision to the Commission.

7. **Job Reference.** Defendants shall provide a reference of employment for McGirt, to be signed and mailed to McGirt within ten (10) business days of the entry of this Consent Decree by the Court. The reference letter is attached hereto as **Exhibit A**. McGirt is free to disseminate the letter to potential employers. Defendants shall maintain a copy of the reference letter in McGirt's personnel file and shall provide only the information contained in the letter to any individual who makes an inquiry about McGirt's employment.

8. **Anti-Retaliation Policy.** Defendants shall revise their EEO policies to include an Anti-Retaliation Policy (the "Policy") consistent with this Consent Decree. A copy of the Policy is attached hereto as **Exhibit B**. Copies of this Policy shall be disseminated to all of Defendants' employees within thirty (30) days of the Court's entry of this Consent Decree. New employees shall receive a copy of the Policy on or before their first day of work. A copy of the Policy shall be included in Defendants' employee handbook and shall be made accessible to all of Defendants' employees in the same manner that Defendant regularly makes policies accessible. Within forty-five (45) days of the entry of this Consent Decree by the Court, Defendants shall report compliance with this provision to the Commission.

9. **National Training.** Defendants shall provide an annual, mandatory training program to all employees, including human resources, management, and

supervisory personnel at all Iron Hill Brewery locations in the United States of America. Each training program shall include, at a minimum: (a) an explanation of the Policy referenced in paragraph 8, above; and (b) a description of Title VII, the types of conduct and/or policies that constitute discrimination, and the laws protecting employees from Title VII discrimination or retaliation. The required training may be completed via virtual training.

The first training program shall be completed within ninety (90) days of the entry of this Consent Decree. Each subsequent training program shall be conducted at approximately one-year intervals thereafter. At least fifteen (15) business days prior to each program, Defendants shall submit to the Commission a document outlining all content to be covered during virtual training (an "agenda") for the national training program by electronic mail sent to EEOC-ATDO-decree-monitoring@eeoc.gov. Defendants should presume that the agenda is approved unless contacted within five (5) business days of submission of the agenda. Within ten (10) business days after completion of each training program, Defendants shall certify to the Commission the national training which was undertaken.

10. **Individual Training**. Defendants shall provide a one-time, mandatory individual training program to the following individuals: Steven Vreeland, Regional Manager at Iron Hill; Derek Rothenberger, Director of Human Resources; and

Danielle Bennett, Human Resources Specialist. In addition to the topics listed above in paragraph 9, the individual training program shall include: (a) an overview of EEO laws and federal antidiscrimination requirements for managers, and (b) a detailed explanation of Defendants' policies and the individuals' responsibilities under both Title VII and Defendants' policies. The individual training program shall be completed within ninety (90) days of the entry of this Consent Decree. The individual training shall be led by a Title VII specialist. At least fifteen (15) business days prior to the individual training program, Defendants shall submit to the EEOC an agenda for the training program and the name and title of the Title VII specialist, by electronic mail sent to EEOC-ATDO-decree-monitoring@eeoc.gov. Defendants should presume that the agenda is approved unless contacted within five (5) business days of submission of the Agenda. Within ten (10) business days after completion of the individual training program, Defendants shall certify to the Commission the specific training which was undertaken and provide the Commission with a roster of all employees in attendance.

11. **Notice**. Beginning within ten (10) business days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendants shall conspicuously post the attached Employee Notice, marked **Exhibit C**, hereby made a part of this Consent Decree, in each of the following Iron

Hill Brewery locations:

    A. Dunwoody, Georgia;

    B. Center City, Pennsylvania;

    C. Chestnut Hill, Pennsylvania;

    D. Exton, Pennsylvania;

    E. Hershey, Pennsylvania;

    F. Lancaster, Pennsylvania;

    G. Phoenixville, Pennsylvania; and

    H. West Chester, Pennsylvania.

If the Notice becomes defaced or unreadable, Defendants shall replace it by posting another copy of the Notice.

Defendants further agree to electronically display the Notice on the home page of its nation-wide Intranet system(s) within ten (10) days of the effective date of this Consent Decree and for the remainder of its duration. Within ten (10) business days after entry of this Consent Decree, Defendants shall notify the Commission of its compliance with the provisions of this paragraph.

12. **Defendants' Contact**. All notices to Defendants by the Commission pursuant to this Consent Decree shall be sent by electronic mail to Derek

9

Rothenberger at derekr@ironhillbrewery.com, and Brian Wainger at bwainger@kaleolegal.com. If at any time during the term of this Consent Decree Defendants' designated points of contact changes, Defendants shall notify the Commission and provide contact information for a new designated point of contact within fourteen (14) calendar days of the change.

13. **Reporting**. During the term of this Consent Decree, Defendants shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information:

    A. the identities of all individuals who have reported any incidents of Title VII discrimination based on race, color, religion, sex or national origin, or retaliation to include complaints that the individual experienced some harm respecting an identifiable term or condition of employment. Defendants must include in their report: (a) each person's name, (b) address, (c) telephone number, and (d) position title.

    B. for each individual identified in 13.A above, explain what actions were taken by Defendants in response to the individual's report;

  C. for each individual identified in 13.A above, an explanation of whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, transfer, or any other harm respecting an identifiable term or condition of employment); and

  D. for each individual whose employment status has changed as identified in 13.C. above, a detailed statement explaining why the individual's employment status has changed.

Defendants shall provide the social security number of an individual identified in response to 13.A. within seventy-two (72) hours of a request by the Commission.

In the event there is no activity to report pursuant to this paragraph, Defendants shall send the Commission a "negative" report indicating no activity.

14. **Communications to EEOC.** All reports or other documents sent to the Commission by Defendants pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-ATDO-decree-monitoring@eeoc.gov; or (2) by regular mail to:

>Marcus G. Keegan
>Regional Attorney
>U.S. Equal Employment Opportunity Commission
>Sam Nunn Atlanta Federal Center
>100 Alabama Street, SW

Suite 4R30
Atlanta, GA 30303

15.     **Review of Compliance**. The Commission may review compliance with this Consent Decree. As part of such review, the Commission may inspect Iron Hill Brewery restaurant locations in the United States of America for compliance and may examine and request copies of documents relevant to Defendants' compliance under this Consent Decree.

16.     **Noncompliance**. If at any time during the term of this Consent Decree the Commission believes that Defendants are or may be in violation of its terms, the Commission shall give notice of the alleged violation to Defendants. Defendants shall then have ten (10) business days in which to investigate and provide written response to the allegations. Thereafter, the Parties shall have a period of ten (10) business days, or such additional period as may be agreed upon by the Parties, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

17.     **Duration**. This Consent Decree shall be in effect for a period of three (3) years from its entry by the Court.

18.     **Court Retains Jurisdiction**. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Consent Decree and

entry of such further orders as may be necessary and appropriate.

19. **Costs and Fees.** Each party shall bear its own costs and attorney's fees.

**IT IS SO ORDERED**, this 17th day of June, 2024.

_____
MARK H. COHEN
United State District Judge

The Parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | IRON HILL BREWERY, *et al.* |
| | s/ Kevin A. Maxim |
| KARLA GILBRIDE | Kevin A. Maxim |
| General Counsel | Georgia Bar No. 478580 |
| | The Maxim Law Firm, P.C. |
| CHRISTOPHER LAGE | 1718 Peachtree St., N.W. |
| Deputy General Counsel | Suite 599 |
| | Atlanta, Georgia 30309 |
| MARCUS KEEGAN | (404) 924-4272 |
| Regional Attorney | kmaxim@maximlawfirm.com |
| LAKISHA DUCKETT ZIMBABWE | *Counsel for Defendants* |
| Assistant Regional Attorney | |
| ROBYN M. FLEGAL | |
| Supervisory Trial Attorney | |

13

/s/ Iriel Jones
Iriel Jones
Trial Attorney
Georgia Bar No. 266716
iriel.jones@eeoc.gov

U.S. Equal Employment Opportunity
Commission
Atlanta District Office
100 Alabama St. SW, Suite 4R30
Atlanta, Georgia 30303
Telephone: (470) 531-4808
Facsimile: (404) 562-6905

*Counsel for Plaintiff*

14

# **EXHIBIT A**

Dear Employer:

Jerrell McGirt worked at Iron Hill Brewery Buckhead, at 3535 Peachtree Rd NE, Atlanta, Georgia 30326, from November 2020 through July 2021. While employed at Iron Hill Brewery Buckhead, Jerrell McGirt trained to be a Sous Chef, and performed well in his position. Mr. McGirt was a good employee.

We wish Mr. McGirt the best in his future endeavors.

Sincerely,

_____

Regional Manager

Iron Hill Brewery, LLC

# EXHIBIT B

Employees of the Company have a right to work free of discrimination. This means that the Company cannot make job decisions because of an employee's race, color, religion, sex (including pregnancy, sexual orientation and gender identity), national origin, age (over 40), disability, or genetic information. This right applies to all types of job decisions, including hiring, firing, promotions, training, wages and benefits.

The laws enforced by the U.S. Equal Employment Opportunity Commission protect you from being punished, treated differently, or harassed at work because you or a friend, parent, or someone else you closely associate with files a job discrimination complaint with the EEOC or reports discrimination to others. These laws protect you whether you are complaining about discrimination directed at you or discrimination directed at others. These laws also protect you from being punished, treated differently, or harassed at work because you help someone else report job discrimination.

The EEO laws prohibit punishing job applicants or employees for asserting their rights to be free from employment discrimination including harassment. Asserting these EEO rights is called "protected activity," and it can take many forms. For example, it is unlawful to retaliate against applicants or employees for:

- filing or being a witness in an EEO charge, complaint, investigation, or lawsuit;
- communicating with a supervisor or manager about employment discrimination, including harassment;
- answering questions during an employer investigation of alleged harassment;
- refusing to follow orders that would result in discrimination;
- resisting sexual advances, or intervening to protect others;
- requesting accommodation of a disability or for a religious practice; or
- asking managers or co-workers about salary information to uncover potentially discriminatory wages.

Participating in a complaint process is protected from retaliation under all circumstances. Other acts to oppose discrimination are protected as long as the

employee was acting on a reasonable belief that something in the workplace may violate EEO laws, even if he or she did not use legal terminology to describe it.

For example, depending on the facts, it could be retaliation if the Company acts because of an employee's EEO activity to:

- reprimand the employee or give a performance evaluation that is lower than it should be;
- transfer the employee to a less desirable position;
- engage in verbal or physical abuse;
- threaten to make, or actually make reports to authorities (such as reporting immigration status or contacting the police);
- increase scrutiny;
- spread false rumors, treat a family member negatively (for example, cancel a contract with the person's spouse); or
- make the person's work more difficult (for example, punishing an employee for an EEO complaint by purposefully changing his work schedule to conflict with family responsibilities).

### EXHIBIT C

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** : : : **Plaintiff,** : : **v.** : : **IRON HILL BREWERY OF BUCKHEAD, LLC,** : : **and** : : **IRON HILL BREWERY, LLC** : : **Defendants.** : : | **CIVIL ACTION NO. 1:24-CV-01275-MHC-JKL** |

### EMPLOYEE NOTICE

1.  This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission ("EEOC") and Iron Hill Brewery, LLC, *et al.* ("Iron Hill"), in a case alleging race discrimination and retaliation. Specifically, the EEOC alleged that Iron Hill unlawfully discriminated against former employee by terminating his employment because of his race and in retaliation for engaging in protected activity. As part of the settlement, Iron Hill agreed to pay monetary damages to the employee and to take other actions set out in the Consent Decree resolving this matter.

2.  Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older), genetic information, pregnancy, or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or

assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the U.S. Equal Employment Opportunity Commission.

3. Iron Hill will comply with such federal law in all respects. Furthermore, Iron Hill will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the U.S. Equal Employment Opportunity Commission.

4. An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

> Equal Employment Opportunity Commission
> 131 M. Street, N.E.
> Washington, DC 20507
> TEL: 1-800-669-4000
> TTY: 1-800-669-6820

5. This Notice will remain posted for at least three (3) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2027.